IN RE ANTONIO ANDINO ELÍAS, Respondent.

No. D-63-2.        Decided June 26, 1963.

Hiram R. Cancio, Secretary of Justice, for himself and repre-
sented by José C. Aponte, Manuel J. Vera Mercado, Juan
Lorenzo Rodríguez, Gerardo Méndez Correa, Manuel López
Carrillo, Special Prosecuting Attorneys at Large. Noel Colón
Martínez and José A. Rivera Bernard for respondent.

### ORDER

Having examined the amended complaint presented by
the Secretary of Justice on March 14, 1963 and respondent's
answer to said complaint on May 17, 1963 and it being evident
that the offense committed by respondent—having sworn
under oath that he had never been convicted of a felony or
of any offense implying moral turpitude when actually he
had been convicted of a violation of § 94 of the Articles of
War—was due to the fact that he believed that since the
offense was an internal incident within a military organiza-
tion, its implications and consequences would not transcend
to civilian life, and it being evident that the military organi-
zation itself was trying to rehabilitate respondent, extending
to him all the educational benefits, medical attention, and
pension for physical disability, and taking into consideration
our own constitutional philosophy of restoring the full civil
standing to any person who has committed an offense after
he has paid for it, and after examining the testimonies of
his subsequent exemplary behavior attached to the answer
signed by attorneys of good standing before this Forum,
the final dismissal of this complaint is hereby ordered, with-
out it being understood that this Court approves of the
offense committed by respondent.

It was so agreed and ordered by this Court as witnesses
the signature of the Chief Justice, who renders a separate

opinion in which Mr. Justice Blanco Lugo and Mr. Justice Ramírez Bages concur.

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) MERCEDES L. SOMOHANO

*Acting Secretary*

—O—

MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ, with whom MR. JUSTICE BLANCO LUGO and MR. JUSTICE RAMÍREZ BAGES concur, dissenting.

Without passing judgment on the matter in its merits, I consider improper the order in relation thereto which the Court enters at the present stage of the proceedings.

Respondent admitted the averments of the complaint, but at the same time he presented facts by way of explanation of his behavior and requested the dismissal of the complaint. In view of said answer we granted a term to the Secretary of Justice to submit the allegations which he deemed pertinent, which he did, reiterating at the end his original request for disbarment.

I believe it is proper to hold a hearing for the admission of the pertinent evidence in relation to facts which have not yet been admitted, and to give the Secretary of Justice an opportunity to cross-examine respondent in relation to the facts presented by him in his answer and on which the request for dismissal of the complaint is based.